UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 24-11920 |
| CAROL GARES, | § § | CHAPTER 13 |
| DEBTOR. | § § § | SECTION A |
| IN RE: | § § § | CASE NO: 24-11921 |
| CHARLOTTE LYNETTE BROWN, | § § | CHAPTER 7 |
| DEBTOR. | § § § | SECTION A |

**MEMORANDUM OPINION AND ORDER**

This Court held a hearing on December 13, 2024, to consider the *Motion For Relief Under FRBP 9011 with Incorporated Memorandum*, [No. 24-11920, ECF Doc. 13], as amended, [No. 24-11920, ECF Doc. 17], (the "Motion"), filed by Carol Ann Gares ("Gares"), as well as the Court's *Order To Appear and Show Cause* against Charlotte Lynette Brown ("Brown"), ordering Brown to appear and show cause as to why both of the above-captioned bankruptcy cases should not be dismissed as fraudulent or bad-faith filings under 11 U.S.C. §§ 707 and 1307 and why sanctions should not be assessed under 11 U.S.C. § 105(a), Bankruptcy Rule 9011, and/or in the form of a referral to the United States Department of Justice for prosecution under 18 U.S.C. § 157, [No. 24-11920, ECF Doc. 21; No. 24-11921, ECF Doc. 25].

Appearances:

      Eric Derbes, Esq., on behalf of Carol Gares;
      Rachel Vogeltanz, Esq., on behalf of the United States Trustee;
      Brown failed to appear at the hearing.

During the hearing, the Court heard testimony from Gares and Michael Foxworth ("Foxworth"), a repossession agent for Campus Federal Credit Union. The Court admitted Gares Exhibits 1–4 into evidence. [No. 24-11920, ECF Doc. 26].

For the reasons stated on the record, based on a review of the record in the two above-captioned cases, the records in Brown's prior cases filed in this District, the evidence presented to the Court at the hearing, and applicable law, the Court granted relief sought in the Motion as set forth below, but declined to dismiss Brown's chapter 7 case. The Court granted Gares leave to file itemized invoices into the record reflecting costs and expenses she has incurred associated with prosecuting the Motion. On December 13, 2024, Gares' counsel filed an affidavit attaching invoices into the record. [No. 2411920, ECF Doc. 30].

Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court now makes the following findings of fact and conclusions of law.[1]

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] To the extent that any of the following findings of fact are determined to be conclusions of law, they are adopted and shall be construed and deemed conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted and shall be construed and deemed as findings of fact.

# FINDINGS OF FACTS

## Witness Credibility Determinations

The Court finds Gares to be a credible, honest, and genuine witness, if a bit naive. She appeared to answer questions posed to her thoughtfully and truthfully. The Court gives much weight to her testimony.

The Court also finds Foxworth to be a generally credible witness and reported firsthand his interactions with both Gares and Brown. The Court gives much weight to his testimony.

## Brown's Previous Bankruptcy Filings

Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the following facts. Brown is not a licensed attorney. Prior to the current case, Brown filed *pro se* or through authorized counsel eight bankruptcy cases in this Court since 2003:

(i) No. 03-19935 (Chapter 13), Zane Brown and Charlotte Brown (filed December 31, 2003, and dismissed March 8, 2004);

(ii) No. 04-12259 (Chapter 7), Charlotte Brown (filed March 30, 2004, received discharge July 8, 2004, case closed July 12, 2004);

(iii) No. 04-15427 (Chapter 13), Charlotte Brown (filed July 19, 2004, and dismissed December 3, 2004);

(iv) No. 05-10847 (Chapter 13), Charlotte Lynette Brown (filed February 9, 2005, and dismissed January 19, 2006);

(v) No. 09-11713 (Chapter 13), Charlotte Lynette Brown and Zane Doloton Brown (filed June 9, 2009, and **dismissed with prejudice for abuse of process** December 30, 2009, **with a one-year bar to re-filing**);

(vi) No. 11-10037 (Chapter 13), Charlotte Porche Brown (filed January 5, 2011, and dismissed February 23, 2011);

(vii) No. 12-13570 (Chapter 13, converted to Chapter 7), Charlotte Brown (filed on December 3, 2012, received discharge May 13, 2013, case closed October 18, 2013);

    (viii)    No. 19-11274 (Chapter 13), Charlotte Brown (filed May 9, 2019, and **dismissed with prejudice for abuse of process** June 25, 2019, **with a five-year bar to re-filing**).

Pursuant to the Court's Order in No. 19-11274, Brown was barred from filing a bankruptcy case in this District through and including June 25, 2024. [No. 19-11274, ECF Doc. 41]. Brown filed the above-captioned chapter 7 case *pro se* October 3, 2024. [No. 24-11921, ECF Doc. 1].

### Brown Files a Petition for Bankruptcy Relief on Behalf of Gares

On October 3, 2024, Brown did not file a petition for bankruptcy relief just for herself.

Gares and Brown are coworkers at the Eye Surgery Center of Louisiana. *See* Hr'g Rec'g 9:03–:10 (Dec. 13, 2024). In May 2024, Gares agreed to co-sign a car loan for Brown to purchase a 2023 Dodge Charger from Premier Honda of Harvey. *See id.* Gares admits that she did not read the documents that she signed. *See id.* Believing she had only guaranteed Brown's obligation to pay the car note and believing that Brown was paying the monthly note obligations, Gares made no payments on the note. *See* Hr'g Rec'g 9:11–:14.

Gares learned the true extent of her obligations to Campus Federal Credit Union when Foxworth visited her to repossess the car—but not the car for which Gares believed she had co-signed a note. *See* Hr'g Rec'g 9:03–:10. At the time she executed loan documents in May 2024, she believed she executed those documents as a co-signor of Brown's obligation for one vehicle, the 2023 Dodge Charger. *See id.* Foxworth informed her that loan documents for a 2023 Lexus RC also identified her as the primary obligor on the note. *See* Hr'g Rec'g 9:03–:10; 9:11–:14. In May 2024, Gares unwittingly committed herself to borrow funds to purchase two cars. *See id.* Brown had taken possession of both a 2023 Dodge Charger and a 2023 Lexus RC from the dealership and never made payments on either obligation. *See* Hr'g Rec'g 9:03–:10. Although

Gares is listed as the primary obligor for repayment of the notes on the 2023 Dodge Charger and 2023 Lexus RC, she never had possession or control of either vehicle. *See id.*

Gares immediately notified Brown of her visit from Foxworth and the initiation of the repossession process. *See id.* Brown told Gares that if the lender attempted to repossess the vehicle, Brown would file for bankruptcy relief. *See id.* Gares relayed what Foxwoth told her—that the vehicles were titled in Gares' name—and that she was not willing to file a petition for bankruptcy relief. *See id.*

Instead, Gares cooperated fully with the repossession process. *See* Hr'g Rec'g 9:03–:10; 9:11–:14. On September 18, 2024, Gares agreed to surrender the Lexus RC to Foxworth voluntarily. *See id.*; Gares Ex. 4. But Gares did not have possession or control of the car. Brown attempted to hide the vehicle from Foxworth. *See* Hr'g Rec'g 9:11–:14. Gares cooperated with Foxworth to find the Lexus, and Foxworth repossessed the car from Brown on October 3, 2024. *See id.* During the repossession, Brown told Foxworth that she planned to file bankruptcy. *See id.*

Later that same day, Brown filed two bankruptcy petitions in this Court: the first, a chapter 13 petition on behalf of Gares (the "<u>Gares Petition</u>"), *see* Gares Ex. 1, and the second, a chapter 7 petition on behalf of herself (the "<u>Brown Petition</u>"), *see* Gares Ex. 2. Although the Gares Petition is signed and includes the last four digits of her Social Security number, Gares did not sign the Gares Petition or authorize its filing. *See* Hr'g Rec'g 9:03–:10. Brown forged Gares' signature and listed Gares' personal identifying information from the vehicle purchase agreements in the Gares Petition, but Brown listed her own home address in Independence, Louisiana as Gares' address in the Gares Petition. *See id.*; Gares Ex. 1. On the Mailing Matrix attached to the Gares Petition, Brown listed six creditors including Campus Federal Credit Union; that creditor received

5

notice of the Gares Petition's filing. [No. 24-11920, ECF Docs 1 & 6]. At some point after filing the Gares Petition, Brown informed Gares that she filed the case on Gares' behalf to stop the repossession process. *See* Hr'g Rec'g 9:03–:10.

In her own chapter 7 case, Brown completed and filed Official Form 101A, "Initial Statement About an Eviction Proceeding Against You." [No. 24-11921, ECF Doc. 6]. Brown filed no Schedules or Statement of Financial Affairs in either the Gares Petition or the Brown Petition.

**Gares' Attorney Fees and Costs**

Gares was required to employ an attorney and expend other costs to deal with Brown's fraudulent and unethical filing of the Gares Petition. The Court granted Gares' counsel leave to file into the record itemized invoices for costs and fees associated with filing and prosecuting the Motion. The Court has reviewed the *Affidavit of Eric J. Derbes* (the "Derbes Affidavit"), sworn to on December 13, 2024, with attached invoices. [ECF Doc. 30]. The invoices evidence costs and fees totaling $4,927.27 as follows:

| Invoice | Description | Costs | Fees |
|---|---|---|---|
| Invoice No. 171017 (October 2024) | Attorney Fees (4.2 hours) | -- | $1,643.00 |
| Invoice No. 171436 (November 2024) | Attorney Fees (4.3 hours) | -- | $1,531.00 |
| | Postage and photo-copies | $5.95 | |
| Invoice No. 171778 (December 2024) | Attorney Fees (5.2 hours) | -- | $1,655.75 |
| | Online court records, courier, and parking | $91.57 | |
| Subtotal | | $97.52 | $4,829.75 |
| **Total** | | **$4,927.27** | |

The Court finds that the fees and costs incurred by Gares to file and prosecute the Motion as evidenced by the invoices attached to the Derbes Affidavit are reasonable.

6

## CONCLUSIONS OF LAW

A. **The Court May Impose Sanctions Pursuant to 11 U.S.C. § 105(a) and Its Inherent Authority.**

"[I]t is firmly established that 'the power to punish for contempt is inherent in all courts.'" *In re Skyport Glob. Commc'ns, Inc.*, 408 B.R. 687, 695 (Bankr. S.D. Tex. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citation omitted)). Indeed, "[f]ederal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (citations omitted); *see also In re Spectee Grp., Inc.*, 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995) ("A Court has inherent authority to supervise and control its own proceedings, and to require the payment of the other party's attorney's fees by one who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986))). Moreover,

> [t]his power reaches both conduct before the court and that beyond the court's confines, for "[t]he underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial."

*Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)).

Specifically, the Court has the power to assess attorneys' fees against both attorneys and litigants who engage in abusive litigation practices or in bad-faith conduct. *See Chambers*, 501 U.S. at 45–46; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). A party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978). "The 'less severe sanction' of an assessment of attorney's fees is undoubtedly within a court's inherent power." *Chambers*, 501 U.S. at 45 (citing

7

*Roadway Express, Inc.*, 447 U.S. at 765). "Where the Court concludes 'that the very temple of justice has been defiled . . . [or when a party] shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order,' then the Court may invoke its inherent powers." *In re Skyport Glob. Commc'ns, Inc.*, 408 B.R. at 696 (quoting *Chambers*, 501 U.S. at 46). Although the Court's inherent powers are typically exercised when conduct is not subject to discipline under statutes or rules, "neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the [r]ules." *Chambers*, 501 U.S. at 50.

This Court also has a statutory grant of authority under § 105(a) of the Bankruptcy Code "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition to granting broad power to implement provisions of the Bankruptcy Code, § 105(a) "has been interpreted as supporting the inherent authority of the bankruptcy courts to impose civil sanctions for abuses of the bankruptcy process." *In re Carroll*, 850 F.3d at 816 (quoting *Walton v. LaBarge, Jr. (In re Clark)*, 223 F.3 859, 864 (8th Cir. 2000)); *Friendly Fin. Discount Corp. v. Tucker (In re Tucker)*, No. 99-31069, 2000 WL 992448, at *3 (5th Cir. June 28, 2000)); *see also In re Tabor*, 583 B.R. 155, 177 (Bankr. N.D. Ill. 2018) (citing *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997)).

"The Fifth Circuit has held that the imposition of sanctions using § 105 as well as the inherent power of the Court must be accompanied by a specific finding of bad faith." *In re Bradley*, 495 B.R. 747, 793 (Bankr. S.D. Tex. 2013) (collecting cases); *see also In re Skyport Glob. Commc'ns, Inc.*, 408 B.R. at 695 (quoting *Chambers*, 501 U.S. at 45); *Goldin v. Bartholow*, 166 F. 3d 710, 722 (5th Cir. 1999). "Once a court orders that a party must pay reasonable fees and expenses as a sanction, the lodestar analysis is then used to determine the proper amount of fees

8

'by multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating lawyers.'" *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL NO. 2179, 2021 WL 4192060, at *2 (E.D. La. Sept. 15, 2021) (quoting *Skidmore Energy v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006)). "In determining the fee award, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id*. (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).

    **B.**    **This Court May Also Assess Sanctions Pursuant to Bankruptcy Rule 9011.**

Federal Rule of Bankruptcy Procedure 9011 governs the signing and filing of documents with the Court. *See* FED. R. BANKR. P. 9011. Specifically, Rule 9011 provides:

> **(a) Signature.** Every petition, pleading, written motion, and other document— except a list, schedule, or statement, or an amendment to one of them—must be signed by at least one attorney of record in the attorney's individual name. A party not represented by an attorney must sign all documents. Each document must state the signer's address and telephone number, if any. The court must strike an unsigned document unless the omission is promptly corrected after being called to the attorney's or party's attention.
>
> **(b) Representations to the Court.** By presenting to the court a petition, pleading, written motion, or other document— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs . . . .

FED. R. BANKR. P. 9011(a)–(b)(1). "If . . . the [C]ourt determines that [Rule 9011(b)] has been violated, the [C]ourt may . . . impose an appropriate sanction on any . . . party that committed the violation or is responsible for it." FED. R. BANKR. P. 9011(c)(1).

Based on the uncontroverted evidence, the Court concludes that Brown's filing of the Gares Petition without Gares' knowledge or consent to be unethical, a breach of trust, and in bad faith and made with the intent to defraud, hinder, and delay creditors. Based on a review of the record

9

in the *Brown* case, No. 24-11921, the Court finds a possibility that Brown filed the Brown Petition with a legitimate bankruptcy purpose and declines to dismiss Brown's chapter 7 bankruptcy case. [No. 24-11921, ECF Doc. 6].

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Gares Petition, [No. 24-11920, ECF Doc. 1], is **STRICKEN FROM THE RECORD** as if it were never filed.

**IT IS FURTHER ORDERED** that all credit reporting agencies shall expunge any adverse information related to the Gares Petition and Eastern District of Louisiana Bankruptcy Case No. 24-11920 from their databases.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 105(a), this Court's inherent authority, and Rule 9011 of the Federal Rules of Bankruptcy Procedure, reasonable attorneys' fees and costs are assessed against Charlotte Lynette Brown and in favor of Carol Gares in the total amount of $4,927.27 (the "Sanctions Award"). The Sanctions Award shall be payable within sixty (60) days of this Order by mailing via commercial courtier or hand-delivering certified funds to Gares' counsel:

Eric J Derbes
The Derbes Law Firm, LLC
3027 Ridgelake Dr.
Metairie, LA 70002

**IT IS FURTHER ORDERED** that the Court will hold a hearing on **Monday, January 27, 2025, at 9:00 a.m.** at the United States Bankruptcy Court, 500 Poydras Street, Courtroom B-709, New Orleans, Louisiana 70130 to assess compliance with this Order and, in the event of non-

compliance, to assess whether additional action should be taken by the Court against Charlotte Lynette Brown to ensure compliance with this Order.

**IT IS FURTHER ORDERED** that Charlotte Lynette Brown is ordered to appear **IN PERSON** at the compliance hearing on **Monday, January 27, 2025, at 9:00 a.m.** All other parties in interest may appear according to this Court's Amended General Order 2021-2, available at https://www.laeb.uscourts.gov/.

**IT IS FURTHER ORDERED** that this Court shall by separate letter make a formal referral to the United States Department of Justice to consider whether Charlotte Lynette Brown should be prosecuted pursuant to 18 U.S.C. § 157.[2]

**IT IS FURTHER ORDERED** that all pending matters in No. 24-11920, *In re Gares*, are **DENIED AS MOOT**.

---

[2] Section 157 of Title 18 of the United States Code provides:

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—

    (1) files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;

    (2) files a document in a proceeding under title 11; or

    (3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title,

shall be fined under this title, imprisoned not more than 5 years, or both.

**IT IS FURTHER ORDERED** that counsel for Gares shall serve this Order via first-class U.S. Mail on the required parties who will not receive a copy through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service to that effect within three (3) days. Service should include a certified copy of this Order to

Charlotte Lynette Brown
17149 Cherokee Trace
Independence, LA 70443

New Orleans, Louisiana, December 19, 2024.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE